**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------X

Megan Kuan, *on behalf of herself and others*
*similarly situated in the proposed FLSA*
*Collective Action,*

                                        *Plaintiff,*

        - against -

Notoriety Group LLC, Anthony Shnayderman,
Nathan Leong, and Niv Shaked,

                                        *Defendants.*
-------------------------------------------------------------X

Case No.:


**Jury Trial Demanded**

**COMPLAINT**

      Plaintiff Megan Kuan ("Plaintiff" or "Kuan"), on behalf of herself and others similarly

situated, by and through her attorneys, Levin-Epstein & Associates, P.C., upon personal

knowledge as to herself and upon information and belief as to others, brings this complaint against

Defendant Notoriety Group LLC (the "Corporate Defendant"), Anthony Shnayderman, Nathan

Leong and Niv Shaked (together, the "Individual Defendants", and collectively with the Corporate

Defendant, the "Defendants") and states as follows:

## NATURE OF THE ACTION

      1.    Defendants own, operate and/or control an event production company known as

"Notoriety Group".

      2.    Defendants hold themselves out as a "New York City-based VIP lifestyle and

events management group founded by Nathan Leong and Anthony Shnayderman."[1]

      3.    Defendants pride themselves on having "curat[ed] and manag[ed] the experience

---

[1] *See* https://www.instagram.com/notorietygroup/.

for the main stage vip SkyDeck tables at Electric Zoo Festival[2] since 2015."[3]

4.      To accomplish their business goals, Defendants: (i) mis-classify their servers – including Plaintiff – as independent contractors; (ii) fail to pay their servers – including Plaintiff – *any wages*, under the FLSA and NYLL; and (iii) maintain an illegal policy and practice of appropriating their servers' – including Plaintiff's – tipped wages.

5.      Plaintiff brings this lawsuit seeking recovery, for herself and all other similarly situated individuals, against Defendants' violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), and violations of Articles 6 and 19 of the New York State Labor Law ("NYLL") and their supporting New York State Department of Labor regulations.

6.       Plaintiff seeks injunctive and declaratory relief and to recover unpaid minimum wages, unlawfully deducted wages, liquidated and statutory damages, pre- and post-judgment interest, and attorneys' fees and costs pursuant to the FLSA, NYLL, and the NYLL's Wage Theft Prevention Act ("WTPA").

7.      In the alternative, Plaintiff claims that she was not compensated properly under the New York City Administrative Code ("NYC Charter"), Title 20: Consumer Affairs, Chapter 10 § 20-927 *et seq.* for failure to provide an appropriate written contract, under § 20-928, and failure to pay on time under § 20-929.

## JURISDICTION AND VENUE

8.      The Court has subject matter jurisdiction of this case pursuant to 29 U.S.C. § 216 (b), 28 U.S.C. § 1331 and 28 U.S.C. § 1337, and has supplemental jurisdiction over Plaintiff's claims under the NYLL pursuant to 28 U.S.C. § 1367(a).

---

[2] Electric Zoo is "New York's largest electronic music festival." *See* https://www.notorietygroup.com/. It is typically held on Randall's Island on Labor Day weekend. *Id.*
[3] *See* https://www.notorietygroup.com/.

2

9.      This Court has federal question jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331 because her claims arise under the FLSA.

10.     Venue is proper in the Southern District of New York under 28 U.S.C. § 1391(b) and (c), because all events relevant to this action occurred in this District, and the acts and omissions giving rise to the claims herein alleged took place in this District.

## THE PARTIES

**PLAINTIFF MEGAN KUAN**

11.     Plaintiff Kuan is a resident of Queens, New York.

12.     Plaintiff Kuan was employed as a server at Defendants' event production company, known as "Notoriety Group" in 2019 and 2021.

13.     Plaintiff Kuan was employed as a non-managerial employee at Notoriety Group from on or around April 2021.

14.     At all relevant times, Plaintiff has been an employee within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e).

**DEFENDANT NOTORIETY GROUP LLC**

15.     Upon information and belief, Defendant Notoriety Group LLC is a domestic limited liability company organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 302 West 37th Street, 6th Floor, New York, NY 10018.

16.     Defendant Notoriety Group LLC owns, operates and/or controls an event production company known as "Notoriety Group" located at 302 West 37th Street, 6th Floor, New York, NY 10018.

17.     At all times relevant to this Complaint, Defendant Notoriety Group LLC: (i) has

3

had and continues to have employees engaged in commerce or in the production of goods and services for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and (ii) has had and continues to have an annual gross volume of sales of not less than $500,000.00.

18.     At all times relevant to this Complaint, Defendant Notoriety Group LLC was and is a covered employer within the meaning of the FLSA, 29 U.S.C. § 203(d) and, at all times relevant to this Complaint, employed employees, including Plaintiff.

19.     At all times relevant to this Complaint, Defendant Notoriety Group LLC was and is an employer within the meaning of the 29 U.S.C. 201 *et seq.* and NYLL Section 190(3), and employed employees, including Plaintiff.

20.     Defendant Notoriety Group LLC possessed substantial control over Plaintiff's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff, and all similarly situated individuals, referred to herein.

21.     Defendant Notoriety Group LLC had the power to hire and fire Plaintiff, control the terms and conditions of employment, and determine the rate and method of any compensation in exchange for Plaintiff's services.

**DEFENDANT ANTHONY SHNAYDERMAN**

22.     Defendant Anthony Shnayderman is an individual engaging (or who was engaged) in business within this judicial district during the relevant time period.

23.     Defendant Anthony Shnayderman is sued individually and in his capacity as an owner, officer and/or agent of the Corporate Defendant.

24.     Defendant Anthony Shnayderman possesses or possessed operational control over

4

the Corporate Defendant, or controlled significant functions of the Corporate Defendant.

25.     Defendant Anthony Shnayderman determined the wages and compensation of employees, including Plaintiff, established the schedules of employees, maintained employee records, and had the authority to hire and fire employees.

26.     At all times relevant to this Complaint, Defendant Anthony Shnayderman was and is an employer within the meaning of the 29 U.S.C. 201 *et seq*. and NYLL Section 190(3), and employed employees, including Plaintiff.

**DEFENDANT NATHAN LEONG**

27.     Defendant Nathan Leong is an individual engaging (or who was engaged) in business within this judicial district during the relevant time period.

28.     Defendant Nathan Leong is sued individually and in his capacity as an owner, officer and/or agent of the Corporate Defendant.

29.     Defendant Nathan Leong possesses or possessed operational control over the Corporate Defendant, or controlled significant functions of the Corporate Defendant.

30.     Defendant Nathan Leong determined the wages and compensation of employees, including Plaintiff, established the schedules of employees, maintained employee records, and had the authority to hire and fire employees.

31.     At all times relevant to this Complaint, Defendant Nathan Leong was and is an employer within the meaning of the 29 U.S.C. 201 *et seq*. and NYLL Section 190(3), and employed employees, including Plaintiff.

**DEFENDANT NIV SHAKED**

32.     Defendant Niv Shaked is an individual engaging (or who was engaged) in business within this judicial district during the relevant time period.

33.    Defendant Niv Shaked is sued individually and in his capacity as an owner, officer and/or agent of the Corporate Defendant.

34.    Defendant Niv Shaked possesses or possessed operational control over the Corporate Defendant, or controlled significant functions of the Corporate Defendant.

35.    Defendant Niv Shaked determined the wages and compensation of employees, including Plaintiff, established the schedules of employees, maintained employee records, and had the authority to hire and fire employees.

36.    At all times relevant to this Complaint, Defendant Niv Shaked was and is an employer within the meaning of the 29 U.S.C. 201 *et seq*. and NYLL Section 190(3), and employed employees, including Plaintiff.

**DEFENDANTS CONSTITUTE JOINT EMPLOYERS**

37.    Defendants own, operate and/or control an event production company known as "Notoriety Group" located at 302 West 37th Street, 6th Floor, New York, NY 10018.

38.    The Individual Defendants possess operational control over the Corporate Defendant, possess an ownership interest in the Corporate Defendant, and controls significant functions of the Corporate Defendant.

39.    Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

40.    Each Defendant possessed substantial control over Plaintiff's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff, and all similarly situated individuals, referred to herein.

41.     Defendants jointly employed Plaintiff, and all similarly situated individuals, and are Plaintiff's (and all similarly situated individuals') employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

42.     In the alternative, Defendants constitute a single employer of Plaintiff and/or similarly situated individuals.

43.      Upon information and belief, the Individual Defendants operate the Corporate Defendant as either an alter ego of themselves, and/or fail to operate the Corporate Defendant as an entity legally separate and apart from themselves, by, among other things:

a.      failing to adhere to the corporate formalities necessary to operate the Corporate Defendant as a separate and legally distinct entity;

b.      defectively forming or maintaining the Corporate Defendant, by among other things, failing to hold annual meetings or maintaining appropriate corporate records;

c.      transferring assets and debts freely as between all Defendants;

d.      operating the Corporate Defendant for their own benefit as the majority shareholders;

e.      operating the Corporate Defendant for their own benefit and maintaining control over it as a closed corporation or closely controlled entity;

f.      intermingling assets and debts of their own with the Corporate Defendant;

g.      diminishing and/or transferring assets of the Corporate Defendant to protect their own interests; and

h.      other actions evincing a failure to adhere to the corporate form.

44.     At all relevant times, Defendants were Plaintiff's employers within the meaning of

the FLSA and NYLL.

45. Defendants had the power to hire and fire Plaintiff, control the terms and conditions of employment, and determine the rate and method of any compensation in exchange for Plaintiff's services.

## FACTUAL ALLEGATIONS

46. Plaintiff and other similarly situated individuals are individuals who have worked for Defendants in similarly-titled, tipped positions, during the statutory period.

47. Plaintiff and other similarly situated individuals all shared similar job titles, training, job descriptions and job tasks, during the statutory period.

48. Plaintiff worked as a server at the "Notoriety Group" main stage vip SkyDeck at the Electric Zoo music festivals in 2019 and 2021.

49. At the Electric Zoo music festival in 2019, Plaintiff worked three (3) days: (i) August 30, 2019; (ii) August 31, 2019; and (iii) September 1, 2019, approximately twelve (12) hours each day, 11:00 a.m. to 11:00 p.m., for a total period of approximately 34 hours.

50. At the Electric Zoo music festival in 2021, Plaintiff worked two (2) days: (i) September 3, 2021; (ii) September 4, 2021; and (iii) September 5, 2021, approximately twelve (12) hours each day, 11:00 a.m. to 11:00 p.m., or 12:00 p.m. to 12:00 a.m., for a total period of approximately 24 hours.

51. At all times relevant herein, Defendants failed to pay Plaintiff *any minimum wages or spread-of-hours premiums*, under the FLSA and NYLL for her work in 2019 and 2021.

52. Specifically, Defendants only paid Plaintiff, all other similarly situated individuals', in tips.

53. However, Defendants maintained a policy and practice of unlawfully appropriating

Plaintiff's, all other similarly situated individuals', tipped wages.

54.     Specifically, Defendants required Plaintiff, and all similarly situated individuals, to pool their tips pursuant to a mandated tip sharing scheme.

55.     Defendants unlawfully withheld 100% of Plaintiff's cash tips for her work at Electric Zoo in 2021.

56.     Defendants also unlawfully withheld 100% of Plaintiff's cash tips for her work at a private event in Miami, known as "House of Love", held on New Year's Eve.

57.     As the manager and owners of Notoriety Group, Defendants should not have taken a share of Plaintiff's, and all similarly situated individuals', tips.

58.     The employer-mandated tip sharing scheme imposed on Plaintiff and other servers is not customary.

59.     The employer-mandated tip sharing imposed on Plaintiff was not reasonable.

60.     Defendants did not establish, maintain, and preserve records as required by law, or did not make any such records available to Plaintiff or other participants in the mandated tip sharing scheme, that included: (1) a daily log of the tips collected by each employee on each shift, whether in cash or by credit card; (2) a list of occupations that the employer deemed eligible to receive tips through tip sharing; (3) the shares of tips that each occupation was scheduled to receive from tip sharing; and (4) the amount in tips that each employee received from the tip share by date.

61.     Defendants did not post in a conspicuous place notices issued by the Department of Labor about wage and hour laws, tip appropriations, or illegal deduction provisions.

62.     At all relevant times, Defendants paid Plaintiff and all other tipped employees at a rate that was lower than the required tip-credit rate.

63.     Defendants' conduct extended beyond Plaintiff to all other similarly situated employees.

64.     Defendants did not state the correct gross wages, as defined by NYLL, for any employee on any pay statement as required by NYLL or deductions from the correct gross wages.

65.     Defendants never granted Plaintiff with meal breaks or rest periods of any length.

66.     Plaintiff was not required to keep track of her time, nor to her knowledge, did the Defendants utilize any time tracking device, such as sign in sheets or punch cards, that accurately reflected her actual hours worked.

67.     No notification, either in the form of posted notices, or other means, was ever given to Plaintiff regarding wages are required under the FLSA or NYLL.

68.     Defendants did not provide Plaintiff a statement of wages, as required by NYLL 195(3).

69.     Defendants did not give any notice to Plaintiff of her rate of pay, employer's regular pay day, and such other information as required by NYLL § 195(1).

70.     At all relevant times, Defendants did not pay Plaintiff at the rate of one and one-half times her hourly wage rate for hours worked in excess of forty per workweek.

## FLSA COLLECTIVE ACTION ALLEGATIONS

71.     Plaintiff brings the First Claim for Relief as a collective action pursuant to FLSA §16(b), 29 U.S.C. §216(b), on behalf of all non-exempt persons (including but not limited to servers, bottle girls, bussers, hosts and other "tipped" employees) employed by Defendants on or after the date that is three years before filing of the Complaint in this case, as defined herein ("FLSA Collective Plaintiffs").

72.     At all relevant times, Plaintiff and FLSA Collective Plaintiffs are and have been

similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendants' decision, policy, plan and common policies, programs, practices, procedures, protocols, routines and rules of willfully failing and refusing to pay them at the legally required minimum wages for all hours worked, and by automatically deducting meal breaks from employees' schedules, regardless of whether some or all of the time was used for a meal break. These claims of the Plaintiff are essentially the same as those of the FLSA Collective Plaintiffs.

73.     The First Claim for Relief are properly brought under and maintained as an opt-in collective action pursuant to under FLSA §16(b), 29 U.S.C. §216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purpose of notice and others related to this action, their names and addresses are readily available from the Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

74.     Plaintiff reserves the right to re-define the FLSA Collective Plaintiffs prior to notice or collective certification, and thereafter, as necessary.

## FIRST CLAIM
### (FLSA – Unpaid Minimum Wages, 29 U.S.C. § 201 *et seq*.)

75.     Plaintiff repeats and incorporates all foregoing paragraphs as if fully set forth herein.

76.     Defendants willfully and intentionally failed to compensate the Plaintiff with the applicable minimum hourly wage in violation of the FLSA, 29 U.S. Code § 206.

77.     Defendants have failed to make a good faith effort to comply with the FLSA with respect to compensation of Plaintiff.

78.     Due to Defendants' violations of the FLSA, Plaintiff, on behalf of herself and FLSA Collective Plaintiffs, is entitled to recover from Defendants, jointly and severally, their unpaid minimum wages and an equal amount in the form of liquidated damages, as well as

reasonable attorneys' fees and costs of the action, pursuant to the FLSA, all in an amount to be determined at trial. 29 U.S.C. § 216(b).

## SECOND CLAIM
### (NYLL – Unpaid Minimum Wages, N.Y. Stat. § 650 *et seq.*)

79.     Plaintiff repeats and incorporates all foregoing paragraphs as if fully set forth herein.

80.     Defendants willfully and intentionally failed to compensate the Plaintiff with the applicable minimum hourly wage in violation of the NYLL § 650 *et seq.*

81.     Defendants have failed to make a good faith effort to comply with the NYLL with respect to compensation of Plaintiff.

82.     Due to Defendants' violations of the NYLL, Plaintiff, on behalf of herself and FLSA Collective Plaintiffs, is entitled to recover from Defendants, jointly and severally, their unpaid minimum wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, in an amount to be determined at trial, pursuant to the NYLL § 663.

## THIRD CLAIM
### (NYLL WTPA– Failure to Provide Wage Notices)

83.     Plaintiff repeats and incorporates all foregoing paragraphs as if fully set forth herein.

84.     The NYLL and the WTPA require employers to provide all employees with a written notice of wage rates at the time of hire.

85.     In violation of NYLL §195 (1), Defendants failed to furnish to Plaintiff at the time of hiring, or whenever their rate(s) of pay changed, with a wage notice containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or

other, allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with NYLL §191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address, if different; the telephone number of the employer, and anything otherwise required by law.

86.     Due to Defendants' violations of NYLL §195 (1), Plaintiff is entitled to recover her liquidated damages, reasonable attorney's fees and cost and disbursement of the action, pursuant to the NYLL § 198 (1-b).

## FOURTH CLAIM
### (Violation of the Wage Statement Provisions of the NYLL)

87.     Plaintiff repeats and incorporates all foregoing paragraphs as if fully set forth herein.

88.     With each payment of wages, Defendants failed to provide Plaintiff with a statement listing each of the following the dates of work covered by the payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; the number of regular hours worked; the number of overtime hours worked, as required by the NYLL § 195(3).

89.     As a result of Defendant's violation of the WTPA, Plaintiff is entitled to damages of at least $150 per week during which the violations occurred.

## FIFTH CLAIM
### (NYLL – Spread-of-Hours Pay)

90.     Plaintiff repeats and incorporates all foregoing paragraphs as if fully set forth herein.

91.     Defendants willfully failed to pay Plaintiff additional compensation of one hour's pay at the basic minimum hourly wage rate for each day during which the Plaintiff's shifts spread over more than ten (10) hours.

92.     By Defendants' failure to pay Plaintiff spread-of-hours pay, Defendants willfully violated §650 et seq. of the NYLL and violated the supporting NYDOL regulations, including, but not limited to, 12 N.Y. C.R.R. §146-1.6.

93.     Due to Defendants' willful violations of the NYLL, Plaintiff is entitled to recover an amount prescribed by statute, liquidated damages, reasonable attorney's fees and cost of the action and pre-judgment and post-judgment interest.

## SIXTH CLAIM
### (NYLL – Unlawful Deductions from Wages)

94.     Plaintiff repeats and incorporates all foregoing paragraphs as if fully set forth herein.

95.      At all relevant times, Defendants were Plaintiff's employers within the meaning of the NYLL §§ 2 and 651.

96.     NYLL § 196-d prohibits any employer or his agents, including owners and managers, from demanding or accepting, directly or indirectly, any part of the gratuities received by an employee, or retaining any part of a gratuity, or any charge purported to be a gratuity, for an employee.

97.     Defendants unlawfully misappropriated a portion of Plaintiff's tips that were received from customers.

98.     Defendants knowingly and intentionally retained a portion of Plaintiff's tips in violations of the NYLL and supporting Department of Labor Regulations.

99.     Plaintiff was damaged in an amount to be determined at trial.

**SEVENTH CLAIM**
***(Pled in the Alternative* – Violation of the NYC Charter § 20-928)**

100.    Plaintiff repeats and incorporates all foregoing paragraphs as if fully set forth herein.

101.    The New York City Charter provides that:

    a.  Whenever a hiring party retains the services of a freelance worker and the contract between them has a value of $800 or more, either by itself or when aggregated with all contracts for services between the same hiring party and freelance worker during the immediately preceding 120 days, the contract shall be reduced to writing. Each party to the written contract shall retain a copy thereof.

    b.  The written contract shall include, at a minimum, the following information:

        i.  The name and mailing address of both the hiring party and the freelance worker;

        ii. An itemization of all services to be provided by the freelance worker, the value of the services to be provided pursuant to the contract and the rate and method of compensation; and

        iii. The date on which the hiring party must pay the contracted compensation or the mechanism by which such date will be determined.

§ 20-928.

102.    The Charter provides that in a civil action under this section entitles a plaintiff to:

    a.  A plaintiff who prevails on a claim alleging a violation of section 20-928 shall be awarded statutory damages of $250.

    b.  A plaintiff who prevails on a claim alleging a violation of section 20-928 and on one or more claims under other provisions of this chapter shall be awarded statutory damages equal to the value of the underlying contract for the violation of section 20-928 in addition to the remedies specified in this chapter for the other violations.

§ 20-933(b)(2).

103.    As described herein, Defendants failed to comply with this law and are liable for damages.

## EIGHTH CLAIM
### (*Pled in the Alternative* – Violation of the NYC Charter § 20-929)

104.    Plaintiff repeats and incorporates all foregoing paragraphs as if fully set forth herein.

105.    The New York City Charter provides that:

    a.  Except as otherwise provided by law, the contracted compensation shall be paid to the freelance worker either:

        iv.  On or before the date such compensation is due under the terms of the contract; or

        v.  If the contract does not specify when the hiring party must pay the contracted compensation or the mechanism by which such date will be determined, no later than 30 days after the completion of the freelance worker's services under the contract.

    b.  Once a freelance worker has commenced performance of the services under the contract, the hiring party shall not require as a condition of timely payment that the freelance worker accept less compensation than the amount of the contracted compensation.

106.    Plaintiff is entitled to, "[i]n addition to any other damages awarded pursuant to this chapter, a plaintiff who prevails on a claim alleging a violation of section 20-929 is entitled to an award for double damages, injunctive relief and other such remedies as may be appropriate." § 20-33(b)(3).

107.    Plaintiff is entitled to unpaid wages, double damages, liquidated damages, injunctive relief and attorneys' fees and costs.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff, on behalf of herself and FLSA Collective Plaintiffs, respectfully requests that this Court enter a judgment:

    a.    authorizing Plaintiff at the earliest possible time to give notice of this collective action, or that the Court issue such notice, to all persons who are presently, or have up through the extent allowable under the statute of limitations and including the

date of issuance of court-supervised notice, been employed by Defendants as nonexempt employees. Such notice shall inform them that the civil notice has been filed, of the nature of the action, of their right to join this lawsuit if they believe they were denied minimum wages;

b.      certification of this case as a collective action pursuant to the FLSA;

c.      issuance of notice pursuant to 29 U.S.C. § 216(b), to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b), and appointing Plaintiff and her counsel to represent the FLSA Collective Plaintiffs;

d.      declaring that Defendants violated the minimum wage provisions of the FLSA, the NYLL and the NYDOL regulations;

e.      declaring that Defendants violated the notice statement pay provisions of the NYLL and WTPA;

f.      declaring that Defendants are in breach of contract under New York State law

g.      declaring that Defendants violated the spread-of-hours pay provisions of the NYLL and NYDOL Regulations;

h.      declaring that Defendants violated § 20-928 of the NYC Charter;

i.      declaring that Defendants violated § 20-929 of the NYC Charter;

j.      awarding Plaintiff unpaid minimum wages;

k.      awarding Plaintiff unpaid spread-of-hours pay;

l.      awarding unpaid wages under the NYC Charter;

m.      awarding Plaintiff liquidated damages in an amount equal to the total amount of wages found to be due;

n.      awarding unpaid wages under the NYLL and the New York State contract law;

o.      awarding Plaintiff statutory damages as a result of Defendants' failure to furnish accurate wage notice pursuant to the NYLL;

p.      awarding Plaintiff pre- and post-judgment interest under the NYLL;

q.      awarding Plaintiff reasonable attorneys' fees and the costs and disbursements of this action; and

r.      Such other relief as this Court deems just and proper.

Dated: New York, New York
       February 25, 2022

Respectfully submitted,

By: /s/ Joshua Levin-Epstein
     Joshua Levin-Epstein
     Jason Mizrahi
     Levin-Epstein & Associates, P.C.
     60 East 42nd Street, Suite 4700
     New York, New York 10165
     Tel: (212) 792-0046
     Email: Joshua@levinepstein.com
     *Attorneys for the Plaintiff and proposed FLSA*
     *Collection Action Plaintiffs*