# LEVIN-EPSTEIN & ASSOCIATES, P.C.
---
60 East 42nd Street • Suite 4700 • New York, New York 10165
T: 212.792.0046 • E: Joshua@levinepstein.com

August 4, 2022

**VIA ECF**
The Honorable Mary Kay Vyskocil, U.S.D.J.
U.S. District Court, Southern District of New York
500 Pearl Street, Room 2230
New York, NY 10007

      Re: *Kuan v. Notoriety Group LLC et al*
         <u>**Case No.: 1:22-cv-01583-MKV**</u>

Dear Honorable Judge Vyskocil:

  This law firm represents plaintiff Megan Kuan (the "Plaintiff") in the above-referenced matter.

  Pursuant to the directives contained in Your Honor's August 2, 2022 Order [Dckt. No. 17], and pursuant to Your Honor's individual motion practice rule 1(G), this letter respectfully serves as a request, *nunc pro tunc*, to extend the defendants' Notoriety Group LLC, Anthony Shnayderman, Nathan Leon, and Niv Shaked (all together, the "Defendants") time to respond to the complaint filed on February 25, 2022 [Dckt. No. 1] (the "Complaint").  This is request is made on consent of the Plaintiff.

  By way of relevant background, the Plaintiff effected service of process on the corporate defendant Notoriety Group LLC on March 10, 2022.   The Plaintiff filed the executed summons with respect to Notoriety Group LLC on March 14, 2022. [Dckt. No. 7].  The deadline for Notoriety Group LLC to answer the Complaint was March 31, 2022. [Dckt. No. 7].

  Two days before Notoriety Group LLC's deadline to answer the Complaint, on March 28, 2022, Victor M. Feraru, Esq., filed an appearance for all the Defendants.  In April 2022, Plaintiff's counsel and Defendants' counsel had several phone calls and emails to resolve the instant case. Of particular relevance, the Defendants' counsel agreed to accept service on behalf of the individual defendants, Anthony Shnayderman, Nathan Leon, and Niv Shaked.

  To prompt the Defendants' participation, the Plaintiff filed a request for a certificate of default as against Notoriety Group LLC on May 16, 2022. [Dckt. No. 11]. The Clerk of the Court entered the Clerk's Certificate of Default as against Notoriety Group LLC on the same day. [Dckt. No. 11].

  On June 30, 2022, Plaintiff filed a letter motion to respectfully request an extension of time to serve the summons and Complaint on the individual defendants Anthony Shnayderman, Nathan Leong, and Niv Shaked from June 30, 2022 to, through and including, July 28, 2022 (the "June 28 2022 Motion"). [Dckt. No. 14].  The basis of the request was that the parties were in substantive settlement discussions, which would have obviated the need for further Court intervention, and would have avoided additional costs and expenses.  The June 28 2022 Motion was not filed correctly.

On July 5, 2022, the Defendants' filed that certain stipulation that provided, *inter alia*, that the Defendants waived any defenses to personal jurisdiction due to improper service of process (the "July 5 2022 Stipulation"). [Dckt. No. 16]. The July 25 2022 Stipulation was not filed correctly either.

As of this date, counsel to the Defendants has accepted service on behalf of all the individual defendants.

The Defendants' respectfully that the Court extend the Defendants' time to answer the Complaint through and including August 12, 2022.

Under Rule 6(b) of the Federal Rules of Civil Procedure, a court "may, for good cause, extend the time on motion made after the time has expired if the party failed to act because of excusable neglect." Fed.R.Civ.P. 6(b)(1)(B). "Excusable neglect is an elastic concept that is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Williams v. Comm'r of Soc. Sec.*, No. 2021 WL 4480536, at *2 (E.D.N.Y. 2021) (internal citations and quotations omitted). "Relevant circumstances include prejudice to the other party, the reason for the delay, its duration, and whether the movant acted in good faith." *Id*. at *3 (internal citations and quotations omitted). Furthermore,

> "[i]n light of the equitable principles underlying the concept of excusable neglect, mere inadvertence, without more, *can* in some circumstances be enough to constitute excusable neglect justifying relief under Rule 6(b)(2)…at least when the delay was not long, there is no bad faith, there is no prejudice to the opposing party, and movant's excuse has some merit."

*Marchant Et Al., v. Honorable Bill De Blasio, et al.,* 2021 WL 4199940, at *2 (S.D.N.Y. 2021) (citing *LoSacco v. City of Middletown*, 71 F.3d 88, 93 (2d Cir. 1995)).

This is the second request of its kind. The Plaintiff consents to the application.

As the Defendants' counsel had a trial scheduled and other professional obligation, the undersigned drafted the instant letter.

Thank you, in advance, for your time and attention to this matter.

                     Respectfully submitted,

LEVIN-EPSTEIN & ASSOCIATES, P.C.

By: */s/ Joshua Levin-Epstein*
Joshua Levin-Epstein, Esq.
60 East 42nd Street, Suite 4700
New York, New York 10165
Tel. No.: (212) 792-0046
Email: Joshua@levinepstein.com
*Attorneys for Plaintiff*

VIA ECF: All Counsel