August 25, 2022

Mary Kay Vyskocil
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street, Room 2230
New York, NY 10007

                    In re:   22-cv-01583-MKV
                              *Kuan v. Notoriety Group, et. al.*
                              Request for Premotion Conference

Dear Hon. Judge Vyskocil:

      This office represents all named Defendants in the above-referenced case, namely Notoriety Group LLC, Anthony Shnayderman, Nathan Leong, and Niv Shaked.

      I am writing this letter motion to request a premotion conference prior to filing a Motion to vacate Plaintiff's motion for default judgments filed by Plaintiff (Docs. 29-31).

      Plaintiff's counsel filed for clerk's default knowing that I had just left an unexpected colorectal surgery, *after we had both agreed that I would have time to answer should settlement talks fall apart.*

      I was completely blindsided as opposing counsel requested immediate settlement, while knowing I was and have been working around temporary medical issues and asked for only a few days to recover from my surgery before meeting with my clients to discuss a case that is troublesome for a number of reasons. The clerk's default was filed while opposing counsel knew I was in the hospital, and not yet able to meet with Defendants in this matter.

      As this Court knows, "The court may set aside an entry of default for good cause." Fed. R. Civ. P. 55(c). "Because Rule 55(c) does not define the term 'good cause,' the Second Circuit has established three criteria that must be assessed in order to decide whether to relieve a party from default or from a default judgment." *Bricklayers and Allied Craftworkers Local 2, Albany NY Pension Fund v. Moulton Masonry & Const.*, LLC, 779 F .3d 182, 186 (2d Cir. 2015) (quotation marks and alterations omitted). The criteria are: "(1) the willfulness of default, (2) the existence of any meritorious defenses, and (3) prejudice to the non-defaulting party." *Id.*

      Defendants collectively have a reasonable excuse for not appearing in this action and a number of meritorious defenses.

First, it was determined in order to save considerable legal fees that settlement talks be had. Opposing counsel knew, based on my conversations with him, that these details were being worked out—however, it was taking some time. I offered Plaintiff a number of concessions as well—including cooperating with opposing counsel for Plaintiff's service issues (Doc. 17). I was left with the impression that should settlement talks break down that my office would be afforded the time to respond to the complaint, as there are a number of defenses including that the FLSA does not apply to it/them, good faith, among many others that will be further discussed in the motion.

Further, nearly each assertion made by Plaintiff in this action is strongly denied.

Defendants not answering the Complaint was *not* intentional, rather the whole record shows that this matter was filed, and settlement discussions were taking place and as a result both me and opposing counsel were cooperating with one another to resolve the underlying issues and settle instead of litigate—otherwise the filing of an answer would have taken place nearly immediately. To save judicial resources me and opposing counsel were communicating, and opposing counsel knew that I was experiencing temporary medical issues, therefore the need to immediately file an answer where settlement was likely to occur was not intentional.

Lastly, there is no prejudice to Plaintiff, she is represented by counsel, she is being afforded due process, and will be allowed to present her case before this Court, her matter will be heard.

Therefore, it is respectfully request that this Honorable Court place this matter for a premotion conference for the reasons stated above and ultimately grant Defendants' collective motion to vacate the Clerk's default and allow Defendants to file a late filed answer.

Respectfully Submitted,

_____
Victor M. Feraru, Esq.
1225 Franklin Avenue
Suite 325
Garden City, NY 11530
victor@vicslaw.com
516-415-2114