# LEVIN-EPSTEIN & ASSOCIATES, P.C.

60 East 42nd Street • Suite 4700 • New York, New York 10165
T: 212.792.0046 • E: Joshua@levinepstein.com

August 26, 2022

**VIA ECF**
The Honorable Mary Kay Vyskocil, U.S.D.J.
U.S. District Court, Southern District of New York
500 Pearl Street, Room 2230
New York, NY 10007

                Re:    *Kuan v. Notoriety Group LLC et al*
                        **Case No.: 1:22-cv-01583-MKV**

Dear Honorable Judge Vyskocil:

      This law firm represents plaintiff Megan Kuan (the "Plaintiff") in the above-referenced matter.

      Pursuant to Your Honor's Rule 2(B) of Individual Rules of Practice in Civil Cases (the "Individual Rules"), this letter respectfully serves as response to the letter filed on August 25, 2022 (the "August 25th Letter") [Dckt. No. 38] requesting a pre-motion conference to "vacate Plaintiff's motion for default judgments" and for an extension of time to file a responsive pleading to the complaint, filed by attorney Vincent M. Feraru, Esq. ("Attorney Feraru"), counsel for Defendants Notoriety Group LLC (the "Corporate Defendant"), Anthony Shnayderman, Nathan Leon, and Niv Shaked (collectively, the "Individual Defendants", and together with the Corporate Defendant, the "Defendants" ).

      As a preliminary matter, Defendants' August 25th Letter is filed in violation of Your Honor's Rule 2(G) of the Individual Rules that requires specific information concerning the request for an extension of time.  Rule 2(G)(ii) requires the movant to provide the number of previous requests for an extension of time. Attorney Feraru did not indicate that he missed two (2) previous Court-ordered deadlines to file a responsive pleading, as set forth below.

      The August 25th Letter seeks the relief for the vacatur of default judgments pursuant to Rule 55(c) of Federal Rules of Civil Procedure ("Fed.R.Civ.P.") even though the Court has not entered a default judgment. Attorney Feraru is presumably asking for the vacatur of the Clerk's Certificates of Default [Dckt. Nos. 12, 32-34] entered pursuant to Fed.R.Civ.P. 55(a). Thus, Attorney Feraru should respectfully simply respond to the motion sequence for Plaintiff's application for a default judgment as against Defendants. [Dckt. Nos. 35-37] (the "Motion for Default Judgment").  Thus, a separate application is unwarranted to respond to the Plaintiff's Motion for Default Judgment.

      As to Defendants' request for additional time to interpose a responsive pleading to the complaint filed on February 25, 2022 [Dckt. No. 1] (the "Complaint"), Plaintiff objects on the ground that the request is procedurally and factually improper.  Defendants have failed to cite to the relevant procedural basis for the extension to respond to the Complaint *nunc pro tunc*; that is, Fed.R.Civ.P. 6(b)(1)(B).  Defendants' August 25th Letter fails to appreciate the legal standard

under Fed.R.Civ.P. 6(b)(1)(B). As set forth more fully below, Defendants have not made the requisite showing Fed.R.Civ.P. 6(b)(1)(B) for the requested extension.

In the case at bar, Defendants have no justification or excuse for the repeated failure to respond to the Complaint. The first missed responsive pleading deadline: the Corporate Defendant missed the responsive pleading deadline set for March 31, 2022. [Dckt. No. 7]. The second missed responsive pleading deadline: Defendants missed the responsive pleading deadline set for July 30, 2022 as agreed by stipulation, which Attorney Feraru misfiled twice. [Dckt. Nos. 15 and 16] [Attorney Feraru's misfiled stipulations for extensions setting forth a response deadline for all Defendants as of July 30, 2022]. The third missed responsive pleading deadline: Defendants inexplicably failed to file a response to the Complaint by the deadline date of August 12, 2022, as ordered by the Court. [Dckt. No. 17]. Thus, Defendants have missed three (3) separate deadlines all following Attorney Feraru's appearance in the action. This is bizarre.

Defendants' excuse of protracted settlement negotiations as the basis for the failure to file a responsive pleading is not supported by law. It is well-settled that the fact of settlement negotiations during the relevant period does not constitute "excusable neglect". *Marubeni Am. Corp. v. M.V. Karin Bornhoffen*, 102 F.R.D. 954, 955 (S.D.N.Y. 1984) (holding that "the fact of settlement negotiations would not excuse a defendant's failure to answer within the prescribed time…"). Thus, Defendants' have not made the requisite showing under the prevailing legal standard for a *fourth* opportunity to respond to the Complaint.

Finally, Attorney Feraru's claim of having been "blindsided" by the Motion for Default Judgment is deserving of rebuke. The undersigned law firm emailed Attorney Feraru on August 12, 2022, as follows:

> Victor,
>
> We never received a response to our June 30th proposal.
>
> It has been nearly a month-and-a-half since we received a substantive response from you.
>
> I just left you a voicemail. Please call me back to discuss how we will be proceeding with this action.
>
> Thank you,
> Jason

The same email was sent to Attorney Feraru on August 15, 2022. He did not respond. He further did not respond to multiple messages on August 17, 2022. Had Attorney Feraru responded and retuned the telephone call, he would have known that Plaintiff intended to seek a default judgment.

Thus, for the reasons set forth above, Plaintiff respectfully requests that the Court the Defendants' application in its entirety.

Thank you, in advance, for your time and attention to this matter.

    Respectfully submitted,

    LEVIN-EPSTEIN & ASSOCIATES, P.C.

    By: */s/ Joshua Levin-Epstein*
        Joshua Levin-Epstein, Esq.
        60 East 42nd Street, Suite 4700
        New York, New York 10165
        Tel. No.: (212) 792-0046
        Email: Joshua@levinepstein.com
        *Attorneys for Plaintiff*

VIA ECF: All Counsel