UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MEGAN KUAN,

                Plaintiff,

-against-

NOTORIETY GROUP LLC, et al.,

                Defendants.

Case No. 1:22-cv-01583 (JLR)

**MEMORANDUM OPINION AND ORDER**

JENNIFER L. ROCHON, United States District Judge:

    Plaintiff Megan Kuan ("Plaintiff") asserts violations of the New York Labor Law §§ 190 *et seq.* ("NYLL") and the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA") against Notoriety Group, LLC ("Notoriety") and its owners/managers, Anthony Shnayderman, Nathan Leong, and Niv Shaked (the "Individual Defendants" and together with Notoriety, "Defendants"). *See generally* ECF No. 1 ("Complaint"). Now before the Court is the Report and Recommendation of Magistrate Judge Katharine H. Parker, recommending that default judgment be entered in favor of Plaintiff, and that she be awarded $933.00 in unpaid wages, $14,250 in tips, $70.50 in spread of hours pay, $15,253.50 in liquidated damages, $6,260.50 in attorneys' fees, $514.20 in costs, prejudgment interest on the unpaid wages and tips at a rate of nine percent per annum, and post-judgment interest. See ECF No. 60 ("R&R"). For the reasons set forth below, the Court adopts the R&R in full.

    As an initial matter, the R&R warns, in emphasized text, that failure to timely object within 14 days would result in waiver of the right to object and preclude appellate review. *Id*. at 31-32. Plaintiff served the R&R on Defendants on May 22, 2023. ECF No. 61. No party has filed any objections to the R&R.

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *see* Rule 72(b); *Grassia v. Scully*, 892 F.2d 16, 19 (2d Cir. 1989). Parties may object to a magistrate judge's recommended findings "[w]ithin 14 days after being served with a copy of the recommended disposition." Rule 72(b)(2). "In a case such as this one, where no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record." *Lifeguard Licensing Corp. v. Kozak*, 371 F. Supp. 3d 114, 118 (S.D.N.Y. 2019) (internal citation omitted); *Lee v. Lending Tree*, 473 F. Supp. 2d 435, 436 (S.D.N.Y. 2007) ("The district court adopts a Magistrate Judge's report and recommendation when no clear error appears on the face of the record."). A party's "failure to object timely to a report waives any further judicial review of the report" so long as the party received "'clear notice' of the consequences of their failure to object." *Frank v. Johnson*, 968 F.2d 298, 300 (2d Cir. 1992); *see Lee*, 473 F. Supp. 2d at 436.

Here, the deadline to object to the R&R has passed, and no party has filed any objection. The Court has therefore reviewed the R&R for clear error. *See Lifeguard Licensing Corp.*, 371 F. Supp. 3d at 118; *Lee*, 473 F. Supp. 2d at 436. The R&R thoroughly reviewed the claims brought and the various types of relief sought. The R&R applied the appropriate standards in evaluating these claims and carefully calculated the appropriate damages. The R&R recommends that the Court enter default judgment in favor of Plaintiff and against Defendants, and award Plaintiff $933.00 in unpaid wages, $14,250 in tips, $70.50 in spread of hours pay, $15,253.50 in liquidated damages, $6,260.50 in attorneys' fees, $514.20 in costs, prejudgment interest on the unpaid wages and tips at a rate of nine percent per annum, and post-judgment interest to be calculated from the date the Clerk of Court enters judgment in this action until the date of

payment.  R&R at 31.  The Court finds that the R&R's reasoning and conclusions are sound, grounded in fact and law, and not clearly erroneous.

Accordingly, the Court adopts the R&R in its entirety and GRANTS Plaintiff's motion for default judgment.  The Clerk of Court is respectfully directed to enter default judgment against Defendants and in favor of Plaintiff in the total amount of $37,281.70, as set forth herein, plus prejudgment interest on the unpaid wages and tips (which together total $15,183) at a rate of nine percent per annum, and post-judgment interest to be calculated from the date the Clerk of Court enters judgment in this action until the date of payment.

The lack of any timely objections, in light of the clear notice provided in the Report, precludes appellate review of this decision.  *See Frank*, 968 F.2d at 300; *Lee*, 473 F. Supp. 2d at 436.

The Clerk of Court is respectfully directed to close this case.

Dated: June 9, 2023
New York, New York

SO ORDERED.

_____
JENNIFER L. ROCHON
United States District Judge